DLD-050                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4040
_____

IN RE:  GERALD BUSH, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:11-cv-02612)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 4, 2014

Before: FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed:  December 11, 2014)
_____

OPINION*
_____

PER CURIAM

On September 30, 2014, pro se petitioner Gerald Bush filed a letter in this Court,

complaining that the United States District Court for the Eastern District of Pennsylvania

had not resolved his civil rights action docketed at No. 2:11-cv-02612.  The Clerk of this

Court construed the letter as a petition for a writ of mandamus, and she issued an order

deferring action on the petition because Bush had yet to serve the petition on counsel for

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the other parties or provide a copy to the District Judge pursuant to Federal Rule of Appellate Procedure 21(a)(1). Bush subsequently complied with Rule 21(a)(1) and indicated that he indeed is seeking mandamus relief. On October 24, 2014, the District Court dismissed the amended complaint in Bush's civil rights action with prejudice and closed that case. Bush appealed from that dismissal, and that appeal remains pending. See C.A. No. 14-4377.

To the extent that Bush's mandamus petition asks us to direct the District Court to adjudicate his civil rights action, that request is now moot. To the extent that Bush claims that (1) the District Court's delay in adjudicating his case prejudiced him, and (2) the District Court erred in denying his motions for appointment of counsel, mandamus relief is not warranted because Bush may raise those claims in his appeal in C.A. No. 14-4377. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal, and that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal"). Accordingly, we will deny Bush's mandamus petition. To the extent that he seeks appointment of counsel in this mandamus action, that request is denied.